NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**MASON L. WILSON,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7123

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-4019, Judge Ronald M. Holdaway.

---

Before RADER, *Chief Judge,* LOURIE, and SCHALL, *Circuit Judges.*

PER CURIAM.

---

## ON MOTION

---

## ORDER

Mason L. Wilson moves for default judgment in this veterans benefits case. The court denies that motion, and considers the merits of the appeal.

Mr. Wilson served on active duty from April 1968 to January 1970. After service, Mr. Wilson was diagnosed with post-traumatic stress disorder (PTSD), and has been receiving Department of Veterans Affairs (DVA) disability compensation benefits for his PTSD since August 2004, at a 10% disability rating.

In September 2006, Mr. Wilson sought an increased disability rating and entitlement to a total disability rating based on individual unemployability (TDIU). He claimed that his prior August 2004 decision granted him a 100% disability rating. He was scheduled for VA medical examinations to determine whether he met the criteria for an increased rating, but refused to attend. Based on the limited evidence of record, the DVA regional office (RO) denied Mr. Wilson's claims.

On appeal to the Board of Veterans' Appeals (Board), Mr. Wilson continued to press his argument that he had already been entitled to a 100% disability rating, and thus there was no need for further VA medical examination. The Board, however, upheld the RO's rulings. The Board explained that the evidence that was of record failed to establish the occupational or social impairment required to meet the criteria for the benefits he had sought.

The United States Court of Appeals for Veterans Claims (Veterans Court) affirmed. Like the Board, the Court explained that Mr. Wilson's assumption that he had already been entitled to 100% disability rating was mistaken. Because, explained the court, Mr. Wilson had failed to offer any actual assignment of error in the Board's decision, it affirmed.

This appeal followed.

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and may interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, we lack jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

Although Mr. Wilson was not required to file a legally impeccable submission to proceed on appeal, he was required to demonstrate that this court has jurisdiction and for the most part he has failed to make such a showing. Much of Mr. Wilson's brief and motion appear to be dedicated to his argument that he is entitled to 100% disability rating. Because the essence of that argument is simply a disagreement with the Board and Veterans Court over whether the facts demonstrate entitlement to his requested relief, it challenges the decision of the Veterans Court on a factual matter, as to which this court does not have jurisdiction.

The only other argument Mr. Wilson appears to raise is that the Veterans Court judge assigned to his appeal was a retired judge that had no authority to decide the matter. As the Secretary of Veterans Affairs points out, however, retired Veterans Court judges may be recalled for active service. *See* 38 U.S.C. § 7257. To the extent that Mr. Wilson contends that the judge was not in active service at the time of deciding this appeal, he has failed to demonstrate that the judge's recall status had expired at the time of deciding this appeal.

Accordingly,

MASON WILSON v. SHINSEKI                                                    4

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) All other motions are denied as moot.

(3) Each side shall bear its own costs.


FOR THE COURT


/s/ Jan Horbaly
Jan Horbaly
Clerk

s26